UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 23-CV-23287-ALTMAN/Reid

**JEAN FRANTZ GUILLAUME**,

 *Plaintiff*,

*v.*

**UNITED STATES OF AMERICA**, *et al.*,

 *Defendants.*
_____/

## ORDER

 Our Plaintiff, Jean Frantz Guillaume, has sued the U.S. Department of Veterans Affairs ("VA"), the U.S. Small Business Administration Office of Hearings & Appeals ("SBA") (collectively, the "Agency Defendants"), and five current or former officers of those agencies (collectively, the "Individual Defendants"),[1] asserting a long litany of constitutional, statutory, and common-law claims. Guillaume's claims arise from the VA's decision to "remov[e] [his] application as a Service-Disabled Veteran Owned Small Business in the U.S." Compl. [ECF No. 1] ¶ 1. According to Guillaume, throughout the application process, he "was subjected to unlawful conspiratorial retribution, discrimination, retaliation, a hostile environment based on race, sex, age, and disabilities, and was wrongfully denied application/verification from Defendant's . . . illegal actions[.]" *Id.* ¶ 4 (errors in original).

 This isn't the first time Guillaume has been before us. This is, in fact, his "fourth lawsuit related to the participation of a business in a VA program providing preferential treatment to

---

[1] The Individual Defendants are Kenneth M. Hyde, Christopher Holleman, Thomas McGrath, Benjamin Ward, and John Perkins. *See* Compl. ¶¶ 8–9. Guillaume sues the Individual Defendants "in their individual, as well as their official, capacities," but, according to the Defendants, he "has not properly served any individual Defendant in his individual capacity[.]" Defendants' Motion to Dismiss [ECF No. 7] at 1 n.1.

businesses owned by disabled United States Veterans in the award of contracts with the agency." Defendants' Motion to Dismiss ("MTD") [ECF No. 7] at 2 (first citing *Afily8 Gov't Sols. LLC v. United States*, No. 19-cv-61698 (S.D. Fla. July 29, 2019) (Bloom, J.); then citing *Guillaume v. Hyde*, 2020 WL 3317042 (S.D. Fla. June 18, 2020) (Altman, J.), *aff'd sub nom.*, *Guillaume v. U.S. Dep't of Veterans Affs.*, 847 F. App'x 627 (11th Cir. 2021); and then citing *Guillaume v. Hyde*, 2021 WL 7083359 (S.D. Fla. Aug. 9, 2021) (Middlebrooks, J.)).[2] Those claims all arose from SBA's decision to remove Guillaume's former business, AFILY8, from the VA's veteran-owned vendor list—and the administrative-appeal process that followed. *See, e.g.*, *Guillaume*, 847 F. App'x at 628 ("Mr. Guillaume appealed the removal of AFILY8 to Kenneth M. Hyde, an administrative judge of the Small Business Administration. Judge Hyde denied Mr. Guillaume's request for relief."); *see also Guillaume*, 2021 WL 7083359, at *2 ("Mr. Guillaume has sued all of the same defendants, except that in the instant action he has added the United States of America as a defendant, and he relies on the same nucleus of facts that gave rise to his claims in the Altman case.").

This case, by contrast, arises out of the VA's decision to remove Guillaume's "application for the Veterans First Contracting Program" through his new business, "Negro American," in 2022, "without procedural due process of law." Compl. ¶¶ 70–72; *see also* Plaintiff's Response ("Resp.") [ECF No. 15] at 2 ("Plaintiff, now doing business as 'Negro American,' . . . sued . . . for repetitive conspiratorial, discriminatory, and retaliatory conduct by the Defendants in the removal of Plaintiff's documents and Plaintiff['s] application submitted as a Service-Disabled Veteran Owned Small Business[.]" (cleaned up)). In his Complaint, Guillaume asserts eleven counts, "sounding in the First, Fourth, and Fifth Amendments of the U.S. Constitution (Counts I, II, IV, V and VI); the statute

---

[2] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (cleaned up). And public court records "are among the permissible facts that a district court may consider." *Ibid.* (first citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); then citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

governing the SDVOSB program, 38 U.S.C. § 8127 (Count III); negligence (Counts VII and VIII); employment discrimination (Count IX); [ ] contract/unjust enrichment/fraud and breach of fiduciary duty (Count X)[; and] . . . 38 U.S.C. § 4312 [(Count XI)]." MTD at 4–5; *see also* Compl. ¶¶ 10–124.

On November 11, 2023, the Defendants filed their Motion to Dismiss, arguing that all of Guillaume's claims against the Agency Defendants and the Individual Defendants (in their official capacities) are barred by sovereign and judicial immunity, *see* MTD at 5–9, and that Guillaume failed to properly serve the Individual Defendants in their individual capacities under FED. R. CIV. P. 4, *id.* at 1 n.1 ("Plaintiff, however, has not properly served any individual Defendant in his individual capacity as required by Rule 4[.]"). The Defendants also contend that the Complaint should be dismissed as an impermissible "shotgun pleading[.]" *Id.* at 9 ("Plaintiff's entire Complaint is a shotgun pleading."). We agree with that final argument and now dismiss the Complaint as a shotgun pleading.

## THE LAW

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v.*

3

*Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

"As [the Eleventh Circuit] ha[s] stated on several occasions . . . if, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, *must* intervene *sua sponte* and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (emphasis added), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). "Discharging this duty ensures that the issues get defined at the earliest stages of litigation. The district court should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Id.* at 1133 n.113 (cleaned up); *see also Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (vacating an order of dismissal and instructing the district court to "enter an order striking the complaint and require a repleading of all claims in a complaint that respects the requirements of Rule 8"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("On examining those pleadings, the court, acting *sua sponte,* should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.").

## ANALYSIS

Guillaume's Complaint is a shotgun pleading because it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. For example, Count III "incorporates by reference paragraphs 1 through above as though fully set forth at length herein." Compl. ¶ 41. So do Counts IV–VIII, *see id.* ¶¶ 48, 59, 68, 91, 95–96, and Counts X–XI, *see id.* ¶¶ 104, 121. "By failing to incorporate only the specific factual allegations that

4

support the cause of action asserted in each count, [Guillaume] has committed what the Eleventh Circuit has called the 'cardinal sin' of shotgun pleading." *Brown v. Air Line Pilots Ass'n*, 2019 WL 13260855, at *3 (S.D. Fla. Sept. 24, 2019) (Altman, J.) (cleaned up).

Because the Complaint is a shotgun pleading, we decline to delve into its merits. *See, e.g.*, *Magluta*, 256 F.3d at 1284 ("In the past when faced with complaints like this one, we have vacated judgments and remanded with instructions that the district court require plaintiffs to replead their claims. That is the appropriate disposition here." (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 910 (11th Cir.1996))); *see also ibid.* ("[T]oleration of complaints such as this one 'does great disservice to the administration of civil justice.'" (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998))).

We therefore **DISMISS** the Complaint as a shotgun pleading and direct Guillaume to replead his case without incorporating each count into every successive count. And, if Guillaume intends to reassert his claims against the Individual Defendants in their individual capacities, he must make sure that those Defendants have been properly served under FED. R. CIV. P. 4. Failure to comply with this Order will result in dismissal without further notice.

* * *

After careful review, we hereby **ORDER and ADJUDGE** as follows:

1. The Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED**. The Complaint [ECF No. 1] is **DISMISSED**. The Plaintiff may file an amended complaint by **March 18, 2024**.
2. By **March 27, 2024**, the Plaintiff must file proof of service as to all Defendants.
3. This case is to remain **STAYED and CLOSED** until the Plaintiff properly serves all Defendants.

**DONE AND ORDERED** in the Southern District of Florida on March 4, 2024.

                                              **ROY K. ALTMAN**
                                              **UNITED STATES DISTRICT JUDGE**

cc:    Jean Frantz Guillaume, *pro se*
       counsel of record